UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

CHRISTINE A. STULSKY,

                      Plaintiff,                      <u>COMPLAINT</u>

     -against-

GERALD J. MICALIZZI,

                      Defendant.

----------------------------------------X

The plaintiff, CHRISTINE A. STULSKY, through her attorney, HARRY H. KUTNER, JR., as and for her complaint against defendant, alleges:

## JURISDICTION

1. That this is a medical malpractice claim.

2. That this Court has diversity jurisdiction under and by virtue of 28 USC § 1332.

3. That at all times hereinafter mentioned, plaintiff was and still is a citizen of the United States of America and a resident of New Suffolk, County of Suffolk, State of New York.

4. That at all times hereinafter mentioned, the plaintiff was a

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

person within the jurisdiction and entitled to the protection of the laws of the United States of America.

5. That at all times hereinafter mentioned and upon information and belief, defendant was and still is a citizen of the United States of America and a resident of the County of Fairfield, State of Connecticutt.

## JURY DEMAND

6. That the plaintiff demands a trial by jury of all issues.

## AS AND FOR A CLAIM FOR RELIEF

7. That on March 11, 2015, the plaintiff was sentenced to incarceration in the Suffolk County Jail.

8. That on or about April 12, 2015, while still in jail, plaintiff fell and was seriously injured, suffering a right intertrochanteric fracture.

9. That plaintiff displayed all the classic clinical symptoms of a right intertrochanteric fracture.

10. That thereafter, plaintiff was X-ray'd.

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

11. That defendant was hired to treat plaintiff.

12. That plaintiff's X-rays were read by defendant.

13. That defendant failed to read the X-rays correctly, opining that there was no fracture.

14. That plaintiff in fact had suffered a right intertrochanteric fracture.

15. That the X-rays showed a right intertrochanteric fracture.

16. That plaintiff needed emergency medical care.

17. That defendant's failure caused plaintiff to be delayed in receiving critical emergency medical care.

18. That defendant's failure prevented plaintiff's injuries from being diagnosed, and promptly and properly treated.

19. That as a result of the foregoing, plaintiff suffered greater and near catastrophic aggravated injuries.

20. That as a result of the foregoing, plaintiff's injuries

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

worsened, and she was forced to suffer intense and increasingly escalating severe pain.

21. That as a result of the foregoing, said injury worsened over the next seven days between April 12 and 18, 2015.

22. That on April 18, 2015, plaintiff was finally transported to Peconic Bay Medical Center (hereinafter referred to as "PBMC").

23. That immediately upon arrival at PBMC, plaintiff was examined and referred for diagnostic testing.

24. That said diagnostic testing revealed a one week old right right intertrochanteric fracture, the one that occurred on April 12, 2015.

25. That by April, 18, 2015, the right intertrochanteric fracture had become displaced and badly deteriorated-worsened.

26. That said additional injury and displacement occurred as a result of defendant's failure to correctly read the X-rays.

27. That as a result of the foregoing, plaintiff was required to undergo a total right hip replacement.

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

28. That said hip replacement would not have been required had defendant correctly read the X-rays.

29. That defendant failed to render competent medical treatment to plaintiff.

30. That defendant's failure was negligent.

31. That defendant's negligence consisted of: failing to properly diagnose and appropriately treat plaintiff's injuries; failing to diagnose the right intertrochanteric fracture; failing to have the X-rays re-read or recommend that additional and follow-up X-rays be taken to more certainly diagnose or definitively rule out the fracture; failing to recommend that additional and different diagnostic testing be conducted to confirm or change the initial X-ray findings whether or not symptoms worsened or persisted; failing to recommend that close scrutiny and monitoring be done along with additional diagnostic modalities if symptoms worsened or persisted; and in otherwise failing to provide basic competent medical care to plaintiff.

32. That as a result of the foregoing, the plaintiff demands

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

that judgment be entered against defendant for compensatory damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, and for costs and disbursements, together with any such other and further relief which is just, equitable, and proper.

WHEREFORE, the plaintiff demands that judgment be entered against defendant:

a. for compensatory damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS; and

b. for costs and disbursements; and

c. together with any such other and further relief which is just, equitable, and proper.

Dated: Mineola, New York
October 11, 2017

Yours, etc.,

*[signature]*
HARRY H. KUTNER, JR., ESQ.
Attorney for plaintiff
136 Willis Avenue
Mineola, New York  11501
(B) (516) 741-1400

UNITED STATES DISTRICT COURT   EASTERN DISTRICT OF NEW YORK

STATE OF NEW YORK, COUNTY OF          Index No.          Year

CHRISTINE A. STULSKY,

                             Plaintiff,

        -against-

GERALD J. MICALIZZI,

                             Defendant.

## SUMMONS and COMPLAINT

HARRY H. KUTNER, JR.

*Attorney(s) for*   Plaintiff

*Office and Post Office Address, Telephone*

136 WILLIS AVENUE
MINEOLA, NEW YORK 11501
(B) 516-741-1400
(F) 516-741-8712

To

Attorney(s) for

Signature (Rule 130-1.1-a)

_____
**Print name beneath**

Service of a copy of the within is hereby admitted.

Dated: _____

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order
will be presented for settlement to the HON.                    of which the within is a true copy
within named Court, at                                           one of the judges of the
on                              at            M.
Dated,

                                        Yours, etc.

                                        HARRY H. KUTNER, JR.